Moscoso Bros. & Co., *S. en C.*, Plaintiff and Appellant, *v.* Manuel Domenech, Treasurer of Puerto Rico, Defendant and Appellee.

No. 5698.  Argued June 22, 1932.—Decided November 15, 1932.

*Tous Soto & Zapater* for appellant.  *Charles E. Winter, Attorney General of Puerto Rico,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Practically the only question in this case is whether or not the managing partners of plaintiff, a limited partnership (*sociedad en comandita*), are employees of the partnership.

Prior to 1927 section 32(*a*) of the Income Tax Act (Session Laws 1925, pages 400, 476) was in part as follows:

"In computing the net income of a corporation or partnership subject to the tax imposed by section 28 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. . . . ."

As amended in 1927 (Session Laws, 488), subdivision 1 reads (italics ours):

"(*a*) (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensations *to employees* for personal services actually rendered . . . ."

By the law of 1925 the deduction for salaries was limited to "a reasonable allowance for salaries or other compensation for personal services actually rendered." This, of course, included salaries paid to employees. The purpose of the amendment was to distinguish between the employees and the officers in the case of a corporation and between the employees and the managing partners of a limited partnership. It was to place a further limitation upon the amount of the deduction. The allowance for salaries was limited to those paid to employees. By necessary implication salaries paid to the managing partners of a limited partnership or to the officers of a corporation as such managing partners or officers, were excluded.

The complaint alleges that plaintiff is engaged in the drug business; that its managing partners Teodoro and Ismael Moscoso have had long experience in that business and devote all their time and personal activities to the service of the partnership and to the management of its business; that the capital of the partnership, $220,000, (with the exception of $3,000 contributed by the active members) is divided into negotiable partnership shares held by the special partners; and that the board of members by resolution fixed as remuneration for the personal services of the said Teodoro and Ismael Moscoso as such managing partners and annual salary of $12,000 and $10,000, respectively.

Appellant refers us to 20 C. J. 1241, where it is said that the term employee "has neither technically nor in general use a restricted meaning by which any particular employment or service is indicated, and that it may have different meanings in different connections admits of no doubt." This is immediately followed by the further statement that (italics ours) *"The context and the connection in which it is used must largely determine whether in a particular case the term includes . . . a corporation director,"* or *"a corporation manager. . . ."* Our impression from a cursory examination of the cases in which a corporation director or a corpora-

tion manager has been held to be or not to be an employee within the meaning of other statutes is that those cases do not militate against the conclusion already reached as to the purpose and meaning of the amendment now before us.

In another connection, appellant quotes from 47 C. J. 1273, section 1009:

"The characteristic features of a limited partnership are: (1) Organization in compliance with the terms of a statute governing the relation. (2) One or more general partners who control the business. (3) One or more special or limited partners or partners in commendam, who contribute to its capital and who share in its profits, but who have no powers in the control of the business, and who are not personally liable for its debts. (4) Limitation of the rights of its creditors to the partnership fund and to the general partners."

Article 145 of the Code of Commerce provides that:

"The same statements shall be included in articles of limited copartnerships as are required for those of general copartnerships."

By the terms of Article 125 the articles of copartnership must state "The amounts which, in a proper case, are to be given to each managing partner annually for his private expenses." Nothing is said about salaries but the final paragraph of the article provides that "There may be also included in the articles the other legal agreements and special conditions which the partners may wish to make."

Article 148 contains the following paragraph:

"Special partners can not take any part whatsoever in the management of the business of the copartnership, not even in the capacity of special agents of the managing partners."

The complaint does not disclose the manner in which the "board of members" referred to was constituted, nor the source of its authority, if any it had, to act for the partnership in the making of a contract between the partnership and its managing partners. The inference is that the two managing partners acted together as the "board of members."

The fact that the two managing partners were qualified by long experience to assume control of the business, the fact that they devoted all their time and personal activities to the service of the partnership and to the management of its business, the fact that the capital was divided into partnership shares most of which were held by special partners, and the fact that the said managing partners fixed certain annual salaries as compensation for their personal services as such partners did not convert the said managing partners into employees of the partnership within the meaning of the law as amended in 1927. Not only do those facts fail to establish between the partnership and its managing partners the relationship of employer and employees but the averment is that the salaries were for services rendered as managing partners and the partnership was not entitled to a deduction for salaries so paid.

The judgment appealed from must be affirmed.